## Englehard and Steinberg *v.* Sutton.

A judgment had against a party without notice, is not evidence against him in another suit.

If the court permit improper evidence to go to the jury, the error will not be cured by instructing the jury to disregard it.

IN ERROR from the circuit court of the county of Lawrence.

This was an action of assumpsit in the court below, and the bill of particulars set forth among other things, that the defendant or sheriff of Lawrence county, collected the sum of five hundred dollars for them on their execution against Pendleton and others, and for money had and received, &c. and the declaration charged the failure to pay, &c.   On the trial of the cause before the jury, the plaintiffs introduced their judgment and execution, and sheriff's return, and the levy and sale of property, to the amount of five hundred and one dollars.

The defendant then offered and introduced in evidence an execution in case of Neylans and Jelks *v.* Hargis and Pendleton, and the sheriff's (Sutton's) return thereon, showing that he had appropriated the money made on the execution of the plaintiffs Englehard and Steinberg to the satisfaction of the execution of Neylans and Jelks.

The defendant then offered to introduce as evidence to the jury, the record of a motion and judgment in the same court, wherein N. and J. were plaintiffs against said Sutton, as sheriff, as aforesaid, for failure to pay over the money in the case of N. and J. *v.* Hargis *et al.*   To the introduction of which evidence the plaintiffs objected; which objection was overruled, and the evidence admitted, (and this was all the evidence given, being so stated in the bill of exceptions.)   To which decision of the court the plaintiffs excepted.

E. G. Peyton, for plaintiff in error.

The law is too well established to admit of controversy, that a sheriff is liable to be sued in an action of assumpsit for money collected by him upon execution, and not paid over to the party entitled to it.

The judgment of Neylans and Jelks against Solomon Sutton, upon their motion in the case of themselves against Aaron Hargis and others, is void for uncertainty, and could not be legal and competent evidence for any purpose whatever. The names of the parties are not specified, nor is the amount of money stated with sufficient certainty to authorize by law the issuance of an execution. The motion in the case of Neylans and Jelks *v.* Aaron Hargis *et al.* is for judgment against Solomon Sutton for failing to pay over the money upon that case, without specifying any sum; and instead of entering up judgment for a specific amount of money against him, we find the following as the only adjudication of the court, to wit: "motion sustained, and the sheriff ordered to pay the above execution so far as money is collected." A judgment is asked for, and an order of appropriation seems to have been granted by the court, of whatever money the sheriff might possibly have on hand. Bonta *v.* Clay, 1 Littell's Rep. 28; Stratton *v.* Mutual Assurance Society, 6 Rand. 22; 1 Robinson's Practice, 390, 393. Even supposing the judgment or order in favor of Neylans and Jelks to have been legal and valid, it was improperly admitted as evidence against the plaintiffs, who were neither parties nor privies to it, nor had any notice of the same. 10 Conn. 474; 4 Cowen, 457; 6 Mass. 242; 11 Mass. 89; 2 New Hampshire, 443; 4 Littell, 219; and 3 Monroe, 359. A stranger to a verdict and judgment is not bound thereby. 1 Phillips' Ev. by Cowen and Hill, 326; 3 *Ib.*, 815, 816.

As they were strangers to the proceedings upon the motion of Neylans and Jelks, the court therefore erred in refusing to instruct the jury that the plaintiffs were not bound by the judgment of Neylans and Jelks upon their motion aforesaid, and instructing that their legal rights were not affected thereby; which refusal and instructions, the court will clearly perceive, had the direct and certain tendency to mislead the jury, by inducing them to believe that Englehard and Steinberg were bound by said judg-

Englehard and Steinberg *v.* Sutton.

ment of Neylans and Jelks, and consequently had no legal rights in the case before them to be affected by it. They had no doubt the effect of inducing the jury to believe that the proceedings upon the motion were binding upon the plaintiffs, and operated as a bar to the plaintiffs' right of recovery.

The record shows that Neylans and Jelks had lost their lien by their own laches, the indulgence given, and the repeated stays they had from time to time entered on their executions.

FARRISH for defendant in error.

The first objection I take is, that the executions are no part of the record in this case. There was a judgment for the defendant, and no motion for a new trial. The only way by which the executions could have been made a part of the record as evidence, would have been to have incorporated them in a bill of exceptions to the opinion of the court overruling a motion for a new trial. Laws of Mississippi, 314. The motion and judgment of Neyland & Jelks, against Sutton, sheriff, was evidence for the defendant. It was not conclusive evidence against the plaintiff, but it was evidence of a judgment, and all the legal consequences which flowed from it; and the court must presume that the jury was satisfied from other testimony to find for the defendant. The exception is to the introduction of the motion and judgment as evidence. The case of Moore and Wife *v.* Cason, Administrator, &c. fully sustain the court below in letting in the motion and judgment as evidence. 1 Howard, 61. But supposing I am wrong in saying that the executions are not properly in the record as evidence, then the execution introduced by defendant fully shows a payment of the money collected on the execution of Englehard & Steinberg to Neyland & Jelks' execution by order of the court.

The next objection I take is to the exception as taken to the opinion of the court on being asked to give the first charge stated in the record. Although the court, as I conceive, gave the charge, the record does not show that the exception was taken during the trial, but may have been taken after the jury retired from the box. 1 Howard, 572.

SIMRALL on the same side.

Englehard and Steinberg *v.* Sutton.

Mr. Justice TURNER, after stating the case:

The question is as to the propriety and legality of the last piece of evidence. It is objected to on the ground that the judgment was between different parties; that the present plaintiffs were neither parties nor privies, and could not be affected thereby: and of this opinion is this court. It does not appear that Englehard and Steinberg had any notice of such a proceeding; and there is no better established principle than this: that a man cannot be affected by a suit and judgment to which he was neither party nor privy, and of which he had no notice.

The defendants' counsel contend, that although the court permitted their evidence to go to the jury, yet, that the court charged the jury in substance that it did not affect the rights of the plaintiff. This will not do, however. It is the duty of the court to rule out, and not to suffer to go to the jury, that which is not legal evidence in the cause. The charge to the jury, that they may disregard the illegal evidence so admitted, will not obviate the legal objection to its admissibility. The exception appears by the record to have been taken in time.

The judgment must be reversed, and cause remanded for a new trial.